"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: SA 08-221M |
| Plaintiff, | ORDER OF DETENTION |
| vs. | |
| JEANNE M. ROWZEE, | |
| Defendant. | |

**I.**

A.  ( )  On motion of the Government in a case allegedly involving:

　1.  ( )  a crime of violence.

　2.  ( )  an offense with maximum sentence of life imprisonment or death.

　3.  ( )  a narcotics or controlled substance offense with maximum sentence of ten or more years.

　4.  ( )  any felony - where defendant convicted of two or more prior offenses described above.

　5.  ( )  any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

1  B.  (X)  On motion by the Government/( ) on Court's own motion, in a case
2           allegedly involving:
3      (X)  On the further allegation by the Government of:
4           1.  (X)  a serious risk that the defendant will flee.
5           2.  ( )  a serious risk that the defendant will:
6               a.  ( )  obstruct or attempt to obstruct justice.
7               b.  ( )  threaten, injure or intimidate a prospective witness or
8                       juror, or attempt to do so.
9  C.  The Government ( ) is/( ) is not entitled to a rebuttable presumption that no
10     condition or combination of conditions will reasonably assure the defendant's
11     appearance as required and the safety or any person or the community.
12
13                                  **II.**
14 A.  (X)  The Court finds that no condition or combination of conditions will
15          reasonably assure:
16      1.  (X)  the appearance of the defendant as required.
17          ( )  and/or
18      2.  ( )  the safety of any person or the community.
19 B.  ( )  The Court finds that the defendant has not rebutted by sufficient evidence
20          to the contrary the presumption provided by statute.
21
22                                  **III.**
23     The Court has considered:
24 A.  (X)  the nature and circumstances of the offense(s) charged, including whether
25          the offense is a crime of violence, a Federal crime of terrorism, or involves
26          a minor victim or a controlled substance, firearm, explosive, or destructive
27          device;
28 B.  (X)  the weight of evidence against the defendant;

C.  (X)   the history and characteristics of the defendant; and

D.  (X)   the nature and seriousness of the danger to any person or the community.

## IV.

The Court also has considered all the evidence adduced at the hearing and the arguments and/or statements of counsel, and the Pretrial Services Report/recommendation.

## V.

The Court bases the foregoing finding(s) on the following:

A.  (X)   As to flight risk: The Court finds Defendant is a flight risk because: (1) she is charged with committing a wire fraud under 18 U.S.C. § 1343 through a sophisticated fraudulent investment scheme that resulted in over $20,000,000 in losses to her victims; (2) she faces up to a $1,000,000 fine and/or up to 30 years of imprisonment if convicted; (3) on May 20, 2008, she stipulated to the entry of a $66,000,000 judgment against her in a related civil suit pending before District Judge David O. Carter; (4) her home is in foreclosure; (5) she is unemployed; (6) she has extensive overseas travel experience and the Government has proffered she was in the process of obtaining passports for her two children; (7) although her driver's license has been suspended or revoked until November, 2008, the Government has proffered that the FBI has had Defendant under surveillance and an FBI case agent has observed Defendant driving a vehicle during this time; and (8) her unstable mental state as evidenced by the nature of the charged offense, and the fact that she has been seeking psychiatric help since August 2005, and then four months later, on December 19, 2005, she was charged by the State with spousal battery in violation of Cal. Penal Code § 243(E)(1); and (9) the charged offense is

|     |     |     |     |
| --- | --- | --- | --- |
| 1   |     |     | inconsistent with someone with her educational background and |
| 2   |     |     | professional experience as a practicing lawyer and indicates she is |
| 3   |     |     | unpredictable and prone to engaging in bizarre behavior that is reasonably |
| 4   |     |     | likely to include failing to comply with conditions of release. Based upon |
| 5   |     |     | the foregoing, the Court finds Defendant has absolutely nothing to lose by |
| 6   |     |     | fleeing. |
| 7   | B.  | ( ) | As to danger: |

8  _____
9  _____
10 _____
11 _____
12 _____
13 _____
14 _____

## VI.

A. ( ) The Court finds that a serious risk exists the defendant will:
    1. ( ) obstruct or attempt to obstruct justice.
    2. ( ) attempt to/ ( ) threaten, injure or intimidate a witness or juror.
B. The Court bases the foregoing finding(s) on the following:

_____
_____
_____

## VI.

A. IT IS THEREFORE ORDERED that the defendant be detained prior to trial.
B. IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the

1     extent practicable, from persons awaiting or serving sentences or being held in
2     custody pending appeal.
3 C.   IT IS FURTHER ORDERED that the defendant be afforded reasonable
4     opportunity for private consultation with counsel.
5 D.   IT IS FURTHER ORDERED that, on order of a Court of the United States or on
6     request of any attorney for the Government, the person in charge of the
7     corrections facility in which defendant is confined deliver the defendant to a
8     United States marshal for the purpose of an appearance in connection with a court
9     proceeding.

DATED: May 21, 2008       /s/ ARTHUR NAKAZATO
                                    ARTHUR NAKAZATO
                                    UNITED STATES MAGISTRATE JUDGE